UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 16 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>FOR AND ON BEHALF OF THE )<br>GOVERNMENT OF THE )<br>UNITED KINGDOM )<br>United States Dept. of Justice )<br>Criminal Division  Applicant, )<br>Asset Forfeiture and Money Laundering Section )<br>1400 New York Avenue, NW )<br>Washington,   v.  DC 20530 )<br>)<br>ALL ASSETS HELD OR CONTROLLED BY )<br>DIEPREY SOLOMON PETER )<br>ALAMIEYESEIGHA )<br>INCLUDING: )<br>)<br>ALL FUNDS IN ACCOUNT )<br>NUMBER 005482562491 )<br>HELD IN THE NAME OF OR FOR THE )<br>BENEFIT OF PETER ALAMIEYESEIGHA )<br>AT BANK OF AMERICA, HOLLYWOOD, FL; )<br>)<br>ALL FUNDS AND SECURITIES HELD IN )<br>ACCOUNT NUMBER Z44343021 HELD IN )<br>THE NAME OF OR FOR THE BENEFIT OF )<br>NICHOLAS AIYEGBEMI d/b/a INADINOV )<br>AND CO. OAO AT FIDELITY BROKERAGE )<br>SERVICES, LLC, BOSTON, MA ; and )<br>)<br>A RESIDENCE TITLED IN THE NAME )<br>OF SOLOMON & PETERS LTD., A FLORIDA )<br>CORPORATION, LOCATED AT )<br>504 PLEASANT DRIVE, KING FARM ESTATE )<br>ROCKVILLE, MARYLAND 20850-5879 )<br>)<br>        Respondents. )<br>_____ ) | Misc. No.: 06-216 |

## ORDER

This matter having come before this Court on the <u>ex parte</u> application of the United States of America for a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) and 18 U.S.C. § 983(j), which provides courts with jurisdiction to enter restraining orders and take such

other action in connection with any property or other interest subject to forfeiture in a foreign proceeding to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

1. This court has jurisdiction of the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the United States District Court for the District of Columbia.

2. The Assistant Attorney General of the Criminal Division of the United States Department of Justice, being duly authorized, has certified that it is in the interest of justice to enforce the restraint order issued by the United Kingdom High Court of Justice, Queen's Bench Division dated September 30, 2005, prohibiting disposal of assets in the Matter of Dieprey Solomon Peter Alamieyeseigha.

3. That order restrains assets controlled by Dieprey Solomon Peter Alamieyeseigha, wherever located, and includes assets held in the names of Margaret Alamieyeseigha, Oyamuyefa Alamieyeseigha, Santolina Investment Corporation, and Solomon & Peters Ltd.

4. The restraining order issued by the High Court and the affidavit supporting it establish that criminal proceedings are pending in the United Kingdom that will likely result in the entry of a forfeiture or confiscation judgment against assets controlled by Dieprey Solomon Peter Alamieyeseigha as property involved in corruption related money laundering and other offenses.

5. The Governments of the United States and the United Kingdom are parties to a Mutual Legal Assistance Treaty that creates an international legal obligation to assist one another in forfeiture matters.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,

PURSUANT TO 28 U.S.C. § 2467(d)(3) (B)(ii) and 18 U.S.C. § 983(j) THAT:

1. The restraining order issued by the United Kingdom High Court of Justice, Queen's Bench Division dated September 30, 2005, shall hereby be given effect.

2. The Properties appearing in the caption of this Order are RESTRAINED.

3. All persons, including Dieprey Solomon Peter Alamieyeseigha, Margaret Alamieyeseigha, Oyamuyefa Alamieyeseigha, Santolina Investment Corporation, and Solomon & Peters Ltd., their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and anyone in possession of or holding any interest in the Properties, be and are hereby ENJOINED AND RESTRAINED from selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, or from any checking or savings account, any interest, direct or indirect, in the Properties, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order and except that, in accordance with 28 U.S.C. § 2467(d)(3)(C), no person may object to this order on the grounds that it is the subject of parallel litigation involving the same property pending in a foreign court.

4. With respect to any real property covered by this Order, so long as this Order remains in effect, those persons with a legal interest in the subject real property are ordered to do the following:

   a) take all reasonable precautions to prevent the destruction or diminution in value of the defendant real property and any fixtures thereto;

   b) maintain the property in its current condition and shall not allow trash or other

debris to accumulate;

    c) if applicable, continue to make timely mortgage payments to keep the mortgage current;

    d) maintain fire, flood, and hazard insurance on the property; and

    e) ensure that all property taxes are paid on time and do not become delinquent.

The United States may monitor compliance with this Order by all lawful means available.

5. The terms of this Order shall remain in full force and effect until the criminal case initiated on September 28, 2005, against Dieprey Solomon Peter Alamieyeseigha and others is concluded and any forfeiture judgment obtained therein has been satisfied or until further order by this Court.

6. The United States, pursuant to Rule 4(f) of the Federal Rules of Civil Procedure to the extent applicable, shall provide a copy of the Court's Order upon any identifiable persons holding any legal interest in the Properties, including: Dieprey Solomon Peter Alamieyeseigha; Margaret Alamieyeseigha: Oyamuyefa Alamieyeseigha: Santolina Investment Corporation: and Solomon & Peters Ltd., and Nicholas Aiyegbemi d/b/a/ Inadinov and Co. OAO

Dated this 9th day of May 2006.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
                                    United States District Court for the
                                    District of Columbia